UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICIA HOWELL | CIVIL ACTION |
| VERSUS | NO. 17-3287 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION "R" (2) |

## ORDER AND REASONS

Before the Court is BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c.'s (collectively the "BP parties") unopposed motion for summary judgment.[1]

For the following reasons, the Court grants defendants' motion for summary judgment.

## I.   BACKGROUND

This case arises from plaintiff's alleged exposure to toxic chemicals following the *Deepwater Horizon* oil spill in the Gulf of Mexico. Plaintiff alleges that she performed cleanup work after the *Deepwater Horizon* oil

---

[1]   R. Doc. 48. The remaining defendants, Halliburton Energy Services, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, and Transocean Offshore Deepwater Drilling, Inc. join the BP parties' motion. R. Doc. 47-1 at 1 n.1.

1

spill in 2010.[2] Plaintiff asserts that, as part of this work, she was exposed to crude oil and dispersants.[3] Plaintiff also represents that this exposure has resulted in the following conditions: chronic sinusitis, acute and chronic rhinitis, bronchitis, "chest burning," chronic obstructive pulmonary disease, "stomach problems," chronic headaches, depression, anxiety, rash, skin irritation, and "burning."[4]

Plaintiff's case was originally part of the multidistrict litigation ("MDL") pending before Judge Carl J. Barbier. Her case was severed from the MDL as one of the "B3" cases for plaintiffs who either opted out of, or were excluded from, the *Deepwater Horizon* Medical Benefits Class Action Settlement Agreement.[5] Howell is a plaintiff who opted out of the settlement.[6] After plaintiff's case was severed, it was reallocated to this Court. Plaintiff asserts claims for general maritime negligence, negligence per se, and gross negligence against the defendants as a result of the oil spill and its cleanup.[7] On November 5, 2021, the Court issued a scheduling order

---

[2]   R. Doc. 1-1 at 8.
[3]   *Id.*
[4]   R. Doc. 48-3 at 1.
[5]   *In re Oil Spill by Oil Rig "Deepwater Horizon" in the Gulf of Mex., on Apr. 20, 2010*, No. MDL 2179, 2021 WL 6053613, at *2, 12 & n.12 (E.D. La. Apr. 1, 2021).
[6]   R. Doc. 1-1 at 2.
[7]   R. Doc. 31 ¶¶ 19-49.

that established, among other deadlines, that plaintiff's expert disclosures had to be "obtained and delivered" to defense counsel by no later than December 16, 2022.[8] Defendants now move for summary judgment, arguing that, because plaintiff has not identified any expert testimony, she is unable to carry her burden on causation.[9] Plaintiff does not oppose defendants' motion. The Court considers the motion below.

## II. LEGAL STANDARD

Summary judgment is warranted when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (per curiam). "When assessing whether a dispute to any material fact exists, [the Court] consider[s] all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.*, 530 F.3d 395, 398-99 (5th Cir. 2008). All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or

---

8   R. Doc. 38 at 1.
9   R. Doc. 48-1.

affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment." *Galindo v. Precision Am. Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985) (quoting 10A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2738 (2d ed. 1983)); *see also Little*, 37 F.3d at 1075. "No genuine dispute of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." *EEOC v. Simbaki, Ltd.*, 767 F.3d 475, 481 (5th Cir. 2014).

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991) (quoting *Golden Rule Ins. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)). "[T]he nonmoving party can defeat the motion" by either countering with evidence sufficient to demonstrate the "existence of a genuine dispute of material fact," or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by

pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings, but must identify specific facts that establish a genuine issue for resolution. *See, e.g., id.*; *Little*, 37 F.3d at 1075 ("Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" (quoting *Celotex*, 477 U.S. at 322)).

In the Fifth Circuit, a district court may not grant a "default" summary judgment on the ground that it is unopposed. *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S.D. Tex. 2015) (collecting cases). Even in the context of unopposed motions for summary judgment, the movant must still show that there is no genuine issue of material fact, and that it is entitled to summary judgment as a matter of law. *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 363 n.3 (5th Cir. 1995). When a motion for summary judgment is unopposed, a court may accept the movant's evidence as undisputed. *Morgan*, 114 F. Supp. 3d at 437 (quoting *UNUM Life Ins. Co. of Am. v. Long*,

227 F. Supp. 2d 609 (N.D. Tex. 2002)). Nevertheless, if the moving party fails to meet its burden, the Court must deny its motion for summary judgment. *Hetzel*, 50 F.3d at 362 n.3.

### III. DISCUSSION

Plaintiff asserts claims for general maritime negligence, negligence per se, and gross negligence against the defendants, as a result of the oil spill and its cleanup. Defendants contend that, without admissible expert testimony, plaintiff cannot prove that exposure to oil or dispersants was the legal cause of her alleged injuries, and thus that she cannot prove a necessary element of her claims against defendants.[10]

"Under the general maritime law, a party's negligence is actionable only if it is a 'legal' cause' of the plaintiff's injuries." *Donaghey v. Ocean Drilling & Exploration Co.*, 974 F.2d 646, 649 (5th Cir. 1992). "Legal cause" is more than but-for causation; instead, the negligence "must be a 'substantial factor' in the injury." *Id.* To prevail in a toxic tort case, a plaintiff must show both general causation and specific causation. *See Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351-52 (5th Cir. 2007) (in toxic tort cases, "the district court must determine whether there is general causation,"

---

10    R. Doc. 48.

and if so, "the district court must determine whether there is admissible specific-causation evidence"). "General causation is whether a substance is capable of causing a particular injury or condition in the general population, while specific causation is whether a substance caused a particular individual's injury." *Seaman v. Seacor Marine LLC*, 326 F. App'x 721, 724 (5th Cir. 2009) (citing *Knight*, 482 F.3d at 351).

Expert testimony is required to establish general causation in toxic-tort cases like this one. *See McGill v. BP Expl. & Prod., Inc.*, 830 F. App'x 430, 433-34 (5th Cir. 2020) (affirming summary judgment where plaintiff lacked admissible expert testimony on general causation); *see also Macon v. BP Expl. & Prod. Inc.*, No. 17-3548, 2022 WL 1811135, at *7 (E.D. La. June 2, 2022) (dismissing plaintiff's claims "[b]ecause expert testimony is required on [general causation]"). "Scientific knowledge of the harmful level of exposure to a chemical, plus knowledge that the plaintiff was exposed to such quantities, are minimal facts necessary to sustain the plaintiffs' burden." *Allen v. Pa. Eng'g Corp.*, 102 F.3d 194, 199 (5th Cir. 1996). Courts have also required expert testimony as to specific causation "when the symptoms are not within the common knowledge of laypersons and not classified as transient or temporary." *See Street v. BP Expl. & Prod. Inc.*, No. CV 17-3619, 2022 WL 1811144, at *3 (E.D. La. June 2, 2022); *see also Troxler v. BP Expl.*

7

*& Prod., Inc.*, No. 17-4207, 2022 WL 1081193, at *2 (E.D. La. Apr. 11, 2022) (holding that "the causal connection between exposure to oil or dispersants and [chemical pneumonitis, gastrointestinal problems, breathing difficulties, and memory loss] is not within the common knowledge of a layperson" and thus requires expert testimony); *Stephens v. BP Expl. & Prod. Inc.*, No. 17-4294, 2022 WL 1642136, at *4 (E.D. La. May 24, 2022) ("[W]ithout an expert opinion on specific causation, Plaintiff cannot meet her burden of proof on her claims of sinusitis, upper respiratory infection, abdominal cramps and pain, mood disorder, and insomnia."). Because plaintiff has not pointed to any admissible expert opinions on either general or specific causation, she is unable to sustain her burden on causation, and the Court therefore grants summary judgment. *See Williams v. BP Expl. & Prod., Inc.*, No. 18-9753, 2019 WL 6615504, at *11 (E.D. La. Dec. 5, 2019) ("When a plaintiff has no expert testimony to prove his medical diagnosis or causation at trial, the plaintiff's suit may be dismissed at the summary judgment stage.").

## IV.  CONCLUSION

For the foregoing reasons, the BP parties' motion for summary judgment is GRANTED. Plaintiff's claims are DISMISSED WITH PREJUDICE.

New Orleans, Louisiana, this __6th__ day of February, 2023.

                          *Sarah Vance*
                          _____
                               SARAH S. VANCE
                    UNITED STATES DISTRICT JUDGE